**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

File Name: 15a0705n.06

Case No. 15-3179

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
Oct 20, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| TOMAYDO-TOMAHHDO, LLC, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| GEORGE VOZARY, et al., | ) | OHIO |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

BEFORE: COLE, Chief Judge; DAUGHTREY and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Plaintiffs-appellants claim that defendants-appellees committed copyright infringement under 17 U.S.C. § 101 *et seq.* by misappropriating their recipe book for a menu in a new catering business. The district court disagreed and granted summary judgment to the defendants. On appeal, plaintiffs assert that their recipe book is a compilation entitled to copyright protection and that defendants violated those protections by creating a substantially similar menu for their catering business. For the reasons stated below, we **AFFIRM** the district court.

I.

A.

Plaintiffs-appellants are Rosemarie I. Carroll ("Carroll"); Tomaydo-Tomahhdo, LLC; Ketchup to Us, LLC; Tomaydo-Tomahhdo Express, LLC; and Mise-En-Place, Inc. (collectively, "Tomaydo"). Tomaydo brought this lawsuit against defendants George Vozary ("Vozary"), Clean Plate, Inc. d/b/a Caterology, and Larry Moore ("Moore") for copyright infringement and other state law claims associated with a restaurant that Carroll and Moore previously co-owned.

Carroll and Moore are restaurateurs who jointly created and successfully ran Tomaydo-Tomahhdo for several years as a restaurant and delivery catering business. Moore conceived the hit recipes for Tomaydo-Tomahhdo's menu. Together with a group of taste testers, he perfected his dishes through trial and error. Moore deemed the most enticing recipes worthy of being on Tomaydo-Tomahhdo's menu, which consisted of sandwiches, salads, pizza, chicken wings, and other family-friendly foods. Carroll and Moore opened a second restaurant in 2004.

In 2007, Carroll and Moore parted ways. Carroll purchased Moore's interest in the businesses for about $250,000, and Moore signed a Share Purchase Agreement ("SPA"). The SPA specified that Moore return "all originals and copies of . . . menu files and development ideas, recipes (current and historical) and training tools (picture boards, build sheets, prep lists, and master order guide)." After a failed attempt to start another restaurant, Moore opened a catering business under the trade name Caterology in 2011.

This case arises from Carroll's creation of the "Tomaydo-Tomahhdo Recipe Book." Carroll asserts that she assembled the recipe book in 2012 based on the recipes that Moore developed specifically for Tomaydo-Tomahhdo. On February 12, 2014, she applied for copyright

protection of the recipe book. Carroll alleges that Vozary, Moore, and Caterology copied Tomaydo-Tomahhdo's recipes and use them at Caterology.

B.

On February 28, 2014, Tomaydo filed this suit in district court against Vozary, Moore, and Caterology, claiming copyright infringement, breach of fiduciary duty against Vozary, breach of contract against Vozary and against Moore, misappropriation of trade secrets, unfair competition, tortious interference with current and prospective business relationships, and civil conspiracy. The defendants subsequently filed a motion for summary judgment on Tomaydo's copyright infringement claim, which the district court granted.

The district court's reasoning was twofold. First, assuming *arguendo* that Tomaydo's recipe book was a copyrightable compilation, the district court concluded that Tomaydo failed to demonstrate that the defendants infringed on any creative work in the recipe book. Second, the district court noted that there were material differences between the dishes in Tomaydo's recipe book and on Caterology's menu. Accordingly, the recipe book and the menu were not substantially similar. Based on its findings, the district court granted summary judgment to the defendants and declined to exercise supplemental jurisdiction over Tomaydo's other claims. Tomaydo timely appealed their copyright claim.

II.

A.

We review a district court's grant of summary judgment de novo. *Jones v. Blige*, 558 F.3d 485, 490 (6th Cir. 2009). Federal Rule of Civil Procedure 56(a) states that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." We review "the factual evidence

in the light most favorable to the non-moving party" as well as "draw all reasonable inferences in that party's favor." *Jones*, 558 F.3d at 490. In copyright infringement cases, "granting summary judgment, particularly in favor of a defendant, is a practice to be used sparingly." *Wickham v. Knoxville Int'l Energy Exposition, Inc.*, 739 F.2d 1094, 1097 (6th Cir. 1984).

Copyright infringement claims have two elements. Plaintiffs must prove (1) that they own a copyright on a work and (2) that the defendant copied that work. *See id.* The United States Constitution requires that the work be "original." U.S. Const. art. I, § 8, cl. 8; *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 346 (1991) (considering whether a telephone directory is original). To be original, the work must be "original to the author." *Id.* at 343. In other words, it must be "independently created by the author" and possess "at least some minimal degree of creativity." *Id.* Copyright protection does not extend to an author's work if creativity is so "utterly lacking or so trivial as to be virtually nonexistent." *Id.* at 359.

While facts cannot be copyrighted, compilations of facts generally can be. *Id.* at 344. A compilation is a "work formed by the collection and assembling of preexisting materials or of data that are selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an original authorship." 17 U.S.C. § 101. The Supreme Court opined that a "compilation author typically chooses which facts to include, in what order to place them, and how to arrange the collected data so that they may be used effectively by readers." *Feist*, 499 U.S. at 348. When a compilation's selection and arrangement are produced in an original way, the compilation is entitled to copyright protection. *Id.* at 349. However, the copyright protection extends only to the original aspect of the compilation; it does not protect the underlying unoriginal elements. *Id.* at 348.

When comparing two works, we begin our analysis by eliminating the unoriginal elements, as they are unprotected. *See Kohus v. Mariol*, 328 F.3d 848, 853 (6th Cir. 2013) (relying on *Feist*). Then we consider "whether the allegedly infringing work is substantially similar to the protectable elements of the original." *Id.* We analyze this question from the intended audience's point of view. *Id.* at 857.

B.

To fulfill the first element of a copyright claim, Tomaydo must demonstrate that its "Tomaydo-Tomahhdo Recipe Book" is copyrightable. *See Wickham*, 739 F.2d at 1097. In other words, they must show that the compilation is original—i.e., it has some creative aspect. *See Feist*, 499 U.S. at 346. Tomaydo asserts that its recipe book is creative because Moore's trial-and-error process for developing recipes embodies the selection, coordination, and arrangement necessary to demonstrate creativity. Furthermore, Tomaydo asserts that its menu was purposefully ordered a particular way, each item on the menu existed because Carroll and Moore specifically chose it, and the items were chosen in coordination with each other. Accordingly, Tomaydo advances that the recipe book constitutes a copyrightable compilation.

We start with what is unoriginal. *Kohus*, 328 F.3d at 853. Here, the recipes themselves do not enjoy copyright projection. *Lambing*, 142 F.3d at 434; *see also Feist*, 499 U.S. at 361 (excluding the factual data—telephone listings—from its consideration of whether a telephone directory is a copyrightable compilation). The list of ingredients is merely a factual statement, and as previously discussed, facts are not copyrightable. *Lambing*, 142 F.3d at 434. Furthermore, a recipe's instructions, as functional directions, are statutorily excluded from copyright protection. 17 U.S.C. § 102(b); *id.* Accordingly, Tomaydo must demonstrate that their recipe book, as a compilation, is original. *See Publications Int'l, Ltd. v. Meredith Corp.*,

88 F.3d 473, 481 (7th Cir. 1996) (explaining that recipe books can show originality and obtain copyright protection if "the authors lace their directions for producing dishes with musings about the spiritual nature of cooking or reminiscences they associate with the wafting odors of certain dishes in various stages of preparation").

Despite their arguments, Tomaydo does not point to anything demonstrating that the recipe book is an original compilation. While Tomaydo stresses that they purposefully selected and arranged the menu items, Tomaydo never identifies what is original and creative about their process. Their description merely characterizes how recipes are developed and further perfected. *See Feist*, 499 U.S. at 363 ("[N]o one disputes that [the telephone company] undertook the task of alphabetizing the names itself. But there is nothing remotely creative about [that process]."). Tomaydo also asserts that the menu items are purposefully coordinated with each other, but never identifies any creative manner by which they are.

As a matter of law, Tomaydo has not shown that any aspect of their recipe book is original and would therefore enjoy copyright protection. *See Feist*, 499 U.S. at 362 (concluding that the telephone directory was "a garden-variety white pages directory, devoid of even the slightest trace of creativity"). Accordingly, the defendants could not have violated Tomaydo's proprietary rights.

III.

Because Tomaydo's recipe book is not original, it does not amount to a copyright protected compilation. As a result, the defendants could not have infringed on Tomaydo's copyright. Therefore, we **AFFIRM** the district court's grant of summary judgment for the defendants.